IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MILTON MEJIA, individually and on behalf of those similarly situated to him, <br><br> Plaintiff, <br><br> v. <br><br> AMAZING SCAPES, LLC and CHRISTOPHER M. SHUPE <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION FILE NO. <br> _____ <br><br> JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Milton Mejia ("Plaintiff Mejia"), on behalf of himself and all others similarly situated (collectively, "Plaintiffs"), hereby files this Complaint against Defendant Amazing Scapes, LLC and Christopher M. Shupe, ("Defendants") for damages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## THE PARTIES

**1.**

Plaintiff Mejia is a former employee of Defendant.

1

**2.**

Defendant Amazing Scapes, LLC is a domestic for-profit corporation doing business in Buford, Georgia.  Defendant is engaged in interstate commerce and upon information and belief, has annual sales made or business done in excess of $500,000.  At all relevant times, Defendant is, and has been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).  Moreover, Plaintiff Mejia and those similarly situated to him were engaged in work constituting engagement in interstate commerce or work relating thereto.

**3.**

Defendant Christopher M. Shupe is an owner of Amazing Scapes, LLC who during the relevant time period exercised organizational control of business and had direct responsibility for the supervision of Plaintiffs and those similarly situated.

## JURISDICTION AND VENUE

**4.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

**5.**

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant Amazing Scapes, LLC resides at 2353 Thompson Mill Road, Ste 102, Buford, GA, 30519.  Defendant Amazing Scapes, LLC's registered agent is Christopher M. Shupe and is located at the same address.

## **STATEMENT OF FACTS**

**6.**

Plaintiffs were hourly employees employed as landscaping workers at various intervals over the past three years.

**7.**

Defendant Christopher M. Shupe controlled which landscaping jobs Amazing Scapes, LLC accepted, determined what it would charge, directed Plaintiffs as to what work they were to perform, provided the tools they used, and controlled the manner of their work. He also had sole discretion to hire or fire Plaintiffs and determined what they were to be paid.

**8.**

Defendants required Plaintiffs to work hours in excess of 40 hours in certain workweeks.

**9.**

Plaintiffs Mejia and Chavez were compensated by the hour at rates ranging from $15 and $30 at different intervals of employment. None of the Plaintiffs, however, were compensated at a higher rate for hours worked in excess of 40 in any given week.

## COUNT I
## PLAINTIFFS' OVERTIME CLAIM

**10.**

Plaintiffs incorporate by reference Paragraphs 1 through 11 as if fully set forth herein.

**11.**

The FLSA requires that employers shall not employ employees "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 USCS § 207 (a) (1).

**12.**

Defendants are properly considered employers under the FLSA.

**13.**

At all times within three years of the filing of this Complaint, Defendants willfully refused to properly compensate Plaintiff Mejia and similarly situated current and former hourly employees of Defendant for overtime.

**14.**

Plaintiff Mejia and the similarly situated individuals were never compensated for their overtime hours at the rate required by the FLSA.

**15.**

Plaintiff Mejia files this action on behalf of himself and others similarly situated. The proposed FLSA Overtime Collective Action is defined as follows:

> All persons who worked in an hourly position for Defendants who were not paid all overtime for hours worked over 40 in a workweek.

**16.**

Defendants willfully engaged in a pattern of violating the FLSA within the meaning of 29 U.S.C. § 255.

**17.**

Notice should be sent to the FLSA collective members not already named herein. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

**18.**

Plaintiff and the collective seek back pay, liquidated damages, interest and attorneys' fees and costs incurred in connection with this claim.

**WHEREFORE** Plaintiff and the collective respectfully request judgment in its favor on each count in this Complaint and demands:

1. A Jury Trial;

2. Judgment in Plaintiff's and the Collective's favor and against Defendants

under all claims in this Complaint;

3. Designation of this action as a collective action on behalf of the proposed class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the classes apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

4. Order Defendants to make whole Plaintiff and the collective by providing them with out-of-pocket losses as well as back pay in an amount equal to the sum of wages, salary, employment benefits and other compensation denied or lost as a result of Defendants' unlawful acts, together with interest thereon, all in an amount to be proven at trial;

5. Statutory damages and penalties under the FLSA;

6. Grant Plaintiffs liquidated damages for Defendants' willful and intentional violations;

7. Grant Plaintiffs their reasonable attorney's fees and all other fees and costs associated with this action;

8. Declarative and injunctive relief appropriate to remedy the FLSA violations;

9. Prejudgment interest; and

10. Such other and further relief as is just and proper.

This 14th day of December 2021.

                                                */s/ James M. McCabe*
James M. McCabe
Georgia Bar No. 724618
S. Graham White
Georgia Bar No. 535538
The McCabe Law Firm, LLC
3355 Lenox Road
Suite 750
Atlanta, GA  30326
Office: (404) 250-3233
Fax: (404) 400-1724
jim@mccabe-lawfirm.com

Attorneys for Plaintiff and Those Similarly Situated